UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID ZAIRE,

                         Plaintiff,

- v -                                            9:03-CV-0629
                                                                   (FJS/RFT)

JOHN/JANE DOE, *Deputy Commissioner/Designee for NYS Department of Correctional Services*; THOMAS WELCH, *Correction Counselor at Clinton Correctional Facility*,

                         Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

DAVID ZAIRE
83-A-2242
Plaintiff, *pro se*
Clinton Correctional Facility
Box 2000
Dannemora, New York 12929

HON. ELIOT SPITZER                      MARIA MORAN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

### I. INTRODUCTION

    *Pro se* Plaintiff David Zaire brings a civil action pursuant to 42 U.S.C. § 1983, alleging

that "John/Jane Doe" violated his First Amendment rights when Defendant[s] Doe "knowingly

and vindictively retaliated" against Plaintiff and violated his Fifth Amendment rights when

Defendant[s] Doe "willfully, knowingly, and vindictively maintained the [P]laintiff at a hardship traveling distance" from his family in two prison transfers.[1]  Compl. at ¶¶ 6-19.  Plaintiff also alleges that Defendant Welch violated his First Amendment rights when Plaintiff's prison records were changed and/or falsified in regards to a therapeutic program in retaliation for a previous federal civil rights claim brought by Plaintiff.[2]  *Id*.

Defendant Welch filed a Motion for Summary Judgment seeking dismissal of the Complaint as against him.  Dkt. No. 22, Mot. for Summ. J.  By Report-Recommendation and Order filed on February 22, 2006, this Court recommended that Welch's Motion for Summary Judgment be denied.  Dkt. No. 24, Rep.-Rec. & Order, dated Feb. 22, 2006.  The Honorable Frederick J. Scullin, Jr., then Chief United States District Court Judge, approved and adopted the Report-Recommendation by Memorandum-Decision and Order filed on July 13, 2006.  Dkt. No. 30., Mem.-Decision & Order, dated July 13, 2006.

As to the "John/Jane Doe" Defendant[s] named in the Complaint, who were allegedly responsible for the transfers complained of by Plaintiff, this Court granted Plaintiff leave to file a motion for Court intervention to aid in his identification of these individuals.  Rep.-Rec. & Order at pp. 5-6.  Plaintiff was afforded until April 7, 2006 to file that motion.  *Id*. at p. 13.  Plaintiff was directed to support any such motion with information regarding his efforts to ascertain the identities of the Defendant[s] subsequent to January 16, 2004.[3]  *Id.* at p. 6.

---

[1] The transfers complained of occurred on November 9, 2000 and January 3, 2001.  Compl. at ¶¶ 8-10.

[2] In *Zaire v. Muller*, 9:98-CV-1838 (N.D.N.Y. June 25, 2002), a jury verdict was returned in Plaintiff's favor on June 21, 2002.  Plaintiff's claims against Defendant Welch arose during the period of July, 2002 through October, 2002, when Plaintiff was incarcerated at the Clinton Correctional Facility.

[3] By Order filed January 16, 2004, Judge Scullin denied a prior request from Plaintiff for assistance in identifying the "John/Jane Doe" Defendant[s] without prejudice to renew at a later time.  Dkt. No. 8, Order, dated

## II. DISCUSSION

Plaintiff timely filed a motion, by which he seeks an order of this Court compelling Defendant Welch to disclose the full name, occupational title, and address of the individuals involved in Plaintiff's transfers who are referred to in the Complaint as "John/Jane Doe." Dkt. No. 26, Mot. to Compel. According to the Complaint,

> JOHN/JANE DOE at all times referred to herein was the Deputy Commissioner and/or Designee for the Department of Correctional Services for the State of New York and, as such, is responsible for rendering the final decision in matters of transferring prison inmates designated as Central Monitoring Cases (CMC) between the department's correctional facilities and specifically the [P]laintiff in each instance referred to in this [C]omplaint.

Compl. at ¶ 3. In support of his Motion, Plaintiff details his recent efforts to ascertain the identities of these individuals. Mot. to Compel, Pl.'s Affirm., dated Mar. 28, 2006, at ¶¶ 1-4. Plaintiff states that he made two further requests for information in April, 2004 and a third request in January, 2005. *Id*. at ¶¶ 2 & 3. Plaintiff further states that in response to the January, 2005 request, he was shown documentation identifying the individual who authorized the November, 2000 transfer as "MRJC" and the individual who authorized the January, 2001 transfer as "MALJ." *Id*. at ¶ 2. According to Plaintiff, he thereafter propounded Interrogatories to Defendant's counsel requesting information regarding the identities of these individuals. *Id*. at ¶ 4. By letter dated April 5, 2005, counsel advised Plaintiff that because the Interrogatories were not timely served in accordance with the Pretrial Scheduling Order in this action, no response would be provided.[4] *Id.*

---

Jan. 16, 2004. Prior to that date, Plaintiff had sent three letters to DOCS officials requesting information regarding the identities of these individuals. Dkt. No. 23, Pl.'s 7.1 Statement, Ex. A.

[4] That Order set February 28, 2005 as the discovery completion date. Dkt. No. 19, Pretrial Scheduling Order, dated Sept. 7, 2004, at § II.

Defendant Welch opposes Plaintiff's Motion.  Dkt. No. 28, Def.'s Affirm., dated Apr. 20, 2006.  Defendant urges denial of the Motion on the ground that it was not timely filed in accordance with the Pretrial Scheduling Order, which set the motion to compel filing deadline at March 30, 2005.  Def.'s Affirm. at ¶¶ 6-9.  Defendant also claims that Plaintiff's Motion should be denied because it is not in compliance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of New York, or this Court's Orders.  *Id.* at ¶¶ 6-7 & 11-12.  Defendant further contends that the Motion should be denied as moot because any motion from Plaintiff seeking leave to amend the Complaint to name the "John/Jane Doe" Defendant[s] would be untimely under those deadlines.  *Id*. at ¶ 13.

Upon review, the Court grants Plaintiff's Motion.  Inasmuch as the Court expressly granted Plaintiff leave to file this Motion and set April 7, 2006 as the filing deadline, Defendant's objections to the timeliness of the Motion and to the relief sought thereby lack merit.  Moreover, the Court finds that Plaintiff has taken reasonable steps to ascertain the identities of the "John/Jane Doe" Defendant[s] and that good cause exists for Court intervention to aid in that process.  We also find that the identities of "John/Jane Doe" Defendant[s] are relevant and germane to this litigation.

### III.  CONCLUSION

**WHEREFORE**, based upon the foregoing; it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 26) is **granted**.  **Within thirty (30) days** of the filing date of this Order, Defendant's counsel shall advise the Plaintiff, in writing, of the full name, occupational title, and address of the individuals who authorized Plaintiff's transfers on November 9, 2000 and January 3, 2001; and it is further

**ORDERED**, that Plaintiff be afforded a period of **thirty (30) days** from the date of his receipt of that information in which to file a motion to amend his Complaint for the limited purpose of identifying the "John/Jane Doe" Defendant[s] in this action. Any such motion to amend shall be supported by a proposed amended complaint, which is a complete pleading setting forth all of Plaintiff's remaining claims in this action as against Defendant Welch and the newly-identified Defendant[s]; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties by regular mail.

**IT IS SO ORDERED**.

Date:   November 14, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge