**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID ZAIRE,

                              Plaintiff,

          - v -                                    Civ. No. 9:03-CV-629
                                                      (FJS/RFT)

THOMAS WELCH, *Correction Counselor at*
*Clinton Correctional Facility*; R. JOYCE CARVER,
*Deputy Commissioner/Designee for the NYS Department of Correctional Services*;
ANGELO JUSTINIANO, *Deputy Commissioner/Designee for the NYS Department of*
*Correctional Services*,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

DAVID ZAIRE
Plaintiff, *Pro Se*
83-A-2242
Clinton Correctional Facility
Box 2000
Dannemora, N.Y. 12929

HON. ANDREW M. CUOMO                          MARIA MORAN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

       *Pro se* Plaintiff David Zaire filed a civil rights action pursuant to 42 U.S.C. § 1983 on May

22, 2003, in conjunction with an Application to Proceed *In Forma Pauperis* ("IFP"), claiming his

First Amendment rights were violated when Defendants retaliated against him for initiating a

previous federal civil rights action against the Department of Correctional Services ("DOCS").  Dkt.

Nos. 1 & 2.  On May 29, 2002, this Court granted Plaintiff's IFP Application. Dkt. No. 4.  Almost a year later, after Plaintiff failed to show cause why service had not been properly effected, Plaintiff's Complaint was dismissed by the Honorable Frederick J. Scullin, Senior United States District Judge. Dkt. Nos. 6, 8, & 10.  However this action was subsequently re-opened after Plaintiff showed proof of compliance with Judge Scullin's Order. Dkt. Nos. 11-12.  Thereafter, because both this Court and the District Court found issues of material fact with respect to Plaintiff's retaliation claim, Defendants' Motion for Summary Judgment on that claim was denied. Dkt. Nos. 24 & 30.[1]

This Court subsequently granted Plaintiff's Motion to Compel to release the names of the two "John Doe" Defendants who allegedly retaliated against Plaintiff by effecting two prison transfers in order to maintain Plaintiff at a "hardship traveling distance" from his family. Dkt. Nos. 26 & 31.  Upon receiving that information, Plaintiff sought leave, and was granted permission to file an Amended Complaint adding Defendants Carver and Justiniano to his claim, to which Answers were filed by the Defendants. Dkt. Nos. 37 & 42.

Now before this Court is Defendants' Motion for an Order striking Plaintiff's IFP status under 28 U.S.C. § 1915(g), (Dkt. No. 43), which is opposed by Plaintiff, (Dkt. No. 44).  For the reasons that follow, it is recommended that Defendants' Motion be **denied**.

## II. DISCUSSION

### A.  28 U.S.C. § 1915

Under 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims without

---

[1] The Motion for Summary Judgment was granted as to Plaintiff's claim against Defendant Welch in his official capacity.  Dkt. No. 30 at p. 7 n.4 (adopting this Court's determination that such claim is barred by the Eleventh Amendment).

prepayment of fees and costs and proceed with the litigation as a poor person or *in forma pauperis*. 28 U.S.C. § 1915(a)(1).  The IFP statute enables prisoners to similarly apply for this privilege, and indeed, many, if not most, incarcerated individuals bringing civil suits have taken advantage of such opportunity.  *Id*. at § 1915(a)(2).  Also under this statute, a court may *sua sponte* dismiss a case if it determines at any time that such action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *Id*. at § 1915(e)(2).

Recognizing the potential for prisoner abuse and seeking to relieve congestion of patently frivolous prisoner suits, Congress enacted the Prisoner Litigation Reform Act (PLRA) of 1996, which renders several restrictions on a prisoner's ability to exploit the justice system.  One such mechanism is the so-called "three-strike rule" which bars inmates from proceeding IFP after three or more previous claims, where the prisoner was granted IFP status, have been dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  *Id*. at § 1915(g).

In recognizing the legitimate government interests fostered by the PLRA amendments, the Second Circuit stated that,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing lawsuits.  Indeed, the very nature of incarceration-- prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials--has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense.  *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (quoting *Jones v. Bales,* 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd,* 480 F.2d 805 (5th Cir. 1973)).

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir. 1997).

In calculating which cases count towards the three strikes rule, a court may look to dismissals

which predated the enactment of the PLRA. *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000). The Second Circuit has held such a calculation to be proper and constitutional given that the determination to revoke IFP status in no way affects the merits of the prisoner's case, but rather prevents the inmate from continuing suit without the payment of fees. *Id.*

## B.  Zaire's "Three Strikes"

In their Motion, Defendants cite to four cases they argue count as "strikes" under § 1915(g): 1.)  *Zaire v. Stinson*, 95-CV-1173, Memorandum-Decision and Order (N.D.N.Y. Feb. 24, 1997) (Scullin, D.J.) (adopting Report-Recommendation of Scanlon, M.J.) (§ 1983 action dismissed for failure to state a claim); 2.)  *Zaire v. Mitchell*, 1996 WL 82391 (S.D.N.Y. Feb. 27, 1996) (petition for writ of *habeas corpus* dismissed after finding the action constituted an "abuse of the writ"); 3.) *Zaire v. Henderson*, 1990 WL 91752 (S.D.N.Y. June 22, 1990) (petition for writ of *habeas corpus* dismissed and petitioner's arguments were deemed "frivolous"); and 4.)  *Zaire v. Barringer*, 9:01-CV-1865, Decision and Order (N.D.N.Y. July 22, 2003) (Hurd, D.J.) (adopting Report-Recommendation of Sharpe, M.J.) (§ 1983 action dismissed for failure to state a claim).

With respect to *Zaire v. Stinson*, Plaintiff contends that because that case was still pending when the PLRA was enacted, it should not be counted as a strike. But, as noted above, the Second Circuit has held that actions brought before the PLRA went into effect can count as strikes. *Welch v. Galie*, 207 F.3d at 132. Plaintiff's argument that his action is distinguishable because it was *pending* and not dismissed prior to the enactment of the PLRA is unavailing. Plaintiff made this same argument in a previous lawsuit before the Honorable Lawrence E. Kahn, United States District Judge, who rejected Plaintiff's argument, stating that "given this Circuit's legal position that both pre-PLRA and post-PLRA actions may be counted as 'strikes,' it follows that actions pending during

the enactment of [the] PLRA may also be counted as 'strikes.'" *Zaire v. Goord*, 2007 WL 160720, at *2 (N.D.N.Y. Jan. 16, 2007). We agree with Judge Kahn's analysis and find that *Zaire v. Stinson* constitutes a strike.

The next two cases on Defendants' list, *Zaire v. Mitchell* and *Zaire v. Henderson*, involved petitions for writs of *habeas corpus*, not civil rights actions.[2] There is no clear precedent in this Circuit as to whether the dismissal of a petition for a writ of *habeas corpus* may count as a strike under the PLRA, however, in *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996) (*overruled on other grounds* by *Lindh v. Murphy*, 521 U.S. 320 (1997)), the Second Circuit held that a petition for a writ of *habeas corpus* is not a civil action for purposes of the PLRA. Although that decision did not address the specific issue of whether a frivolous petition for a writ of *habeas corpus* can count as a strike under § 1915(g), the Second Circuit determined "that Congress did not intend the PLRA to apply to petitions for a writ of habeas corpus." *Reyes v. Keane*, 90 F.3d at 678. Furthermore, the court held that filing fee requirements for civil actions under the PLRA do not apply to *habeas* petitions. *Id.*

Considering the Second Circuit's analytical distinction of the filing of *habeas* petitions from the filing of civil actions, which are expressly regulated by the PLRA, it would be incongruous to hold that *habeas* petitions apply to the PLRA for purposes of the "three-strike rule" only. *See Jennings v. Natrona County Det.Ctr. Med. Facility*, 175 F.3d 775, 779 (10th Cir. 1999) (stating that given the Tenth Circuit's previous determination that *habeas* petitions are not "civil actions" for purposes of the PLRA, there was no rational reason to treat the three strike provision of § 1915(g)

---

[2] We note that each of these *habeas* petitions was filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which established limits and guidelines for prisoners filing *habeas* petitions. *See* 28 U.S.C. § 2254.

differently from the rest of 28 U.S.C. § 1915); *see also Andrews v. King*, 398 F.3d 1113, 1122-23 (9th Cir. 2005) ("[T]he language of §1915(g) does not encompass habeas petitions[.]") (citations omitted).

However, this conclusion would not follow where a prisoner has brought what amounts to a civil rights claim cloaked as a *habeas* petition.  *See*, *e.g.*, *Green v. Suthers*, 208 F.3d 226 (10th Cir. 2000) (unpublished opin.) (The court would "not allow [plaintiff] to defeat the purpose of the PLRA by proceeding in *habeas* with a quintessential conditions-of-confinement suit of the type the PLRA was specifically meant to discourage."); *see also Andrews v. King*, 398 F.3d at 1123 n.12 (recognizing that "some *habeas* petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as *habeas* petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)" and stating that in such cases the *habeas* petition may count as a "strike").  In *In re Nagy*, 89 F.3d 115, 116-17 (2d Cir. 1996), the Second Circuit considered whether a petition for a writ of *mandamus* was subject to the PLRA filing fees.  The court held that in such instances, application of the PLRA depends on the nature of the claim presented.  *Id*. at 117.  The critical question is whether a petition is being used as an "alternative device for obtaining the relief sought in civil actions that are covered by the PLRA." *Id*. at 117 n.1.  In such instances, the PLRA should apply.  *Id*. at 117 ("Thus, if a prisoner, contemplating the filing of a complaint against prison officials under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus . . . the PLRA provisions should normally apply.")

In the case before us, both of Plaintiff's previously dismissed *habeas* petitions cited to by Defendants concerned his underlying criminal conviction and not his conditions of confinement. These previous *habeas* petitions should therefore not be counted as strikes under the PLRA.

Finally, with respect to Defendants' reference to *Zaire v. Barringer*, that claim was dismissed on July 24, 2003, after the instant Complaint was filed on May 22, 2003. Dismissals that post-date the filing of the action in question may not count as "strikes" under § 1915(g). *Eady v. Lappin*, 2007 WL 1531879, at *3 (N.D.N.Y. May 22, 2007) (citing *Cruz v. Marcial*, 2002 WL 655520, at *1-2 (D. Conn. Apr. 18, 2002) (emphasizing that a plain reading of § 1915(g) reveals that all strikes must have occurred before the action in question is brought). Therefore, *Zaire v. Barringer* also does not count as a strike, at least for purposes of the current action.

Thus, Defendants have identified only one previous action that constitutes a strike under § 1915(g). We therefore recommend that their Motion for an Order striking Plaintiff's IFP status be **denied**.

We note that Plaintiff's IFP status was recently revoked in an action brought before Judge Kahn. *See Zaire v. Goord*, 2007 WL 160720 (N.D.N.Y. Jan 16, 2006). As noted above, Judge Kahn counted *Zaire v. Stinson*, 95-CV-1173, as a "strike." In addition, Judge Kahn counted *Zaire v. Barringer*, 9:01-CV-1865, and *Zaire v. Murray*, 9:01-CV-1866, as "strikes." *See Zaire v. Goord*, 9:05-CV-1247, Dkt. Nos. 12 & 19, Defs.' Mot. to Revoke Pl.'s IFP Status & Order Granting Defs.' Mot. to Revoke Pl.'s IFP status. Plaintiff has avoided such a revocation in this case because the instant action was filed before the cases Judge Kahn correctly identified as "strikes" were dismissed as frivolous or failing to state a claim, thereby preventing our counting them as "strikes" under the rule stated above. *See Eady v. Lappin*, 2007 WL 1531879, at *3

Specifically, *Zaire v. Barringer* was dismissed on July 24, 2003, and *Zaire v. Murray* on September 4, 2003. Thus, both of these dismissals post-dated Plaintiff's filing of the instant action on May 22, 2003. However, they pre-dated Plaintiff's commencement of the action before Judge

-7-

Kahn on October 3, 2005, and therefore were properly counted as "strikes" in that case.  Although Plaintiff's IFP status will not be revoked in this case, his IFP status in any action commenced after September 4, 2003, would be ripe for revocation.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for an Order striking Plaintiff's IFP status (Dkt. No. 43) be **denied**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).


Date:   March 10, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge